**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Elizabeth Oyer,<br>*Plaintiff*,<br>vs.<br>Todd Blanche and United States Department of Justice,<br>*Defendants*. | Case No. 26-cv-03092-TNM<br>Hon. Trevor N. McFadden |

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

## TABLE OF CONTENTS

Table of Authorities ........ ii

Introduction ........ 1

Background ........ 3

**I.** Ms. Oyer Was Terminated From Her Position As Pardon Attorney ........ 3

**II.** Ms. Oyer Challenged Her Removal Before The Merit Systems Protection Board ........ 4

**III.** Ms. Oyer Challenges Her Termination In This Court ........ 5

Argument ........ 5

**I.** This Court Has Jurisdiction ........ 5

**II.** The Deputy Attorney General Lacked Constitutional Authority To Issue The Removal Notice ........ 7

Conclusion ........ 9

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Abramowitz v. Lake*,
803 F. Supp. 3d 1, *appeal filed* Sept. 3, 2025 (D.D.C. 2025) ... 6

**Andrade v. Lauer*,
729 F.2d 1475 (D.C. Cir. 1984) ... 6

*Axon Enter., Inc. v. FTC*,
598 U.S. 175 (2023) ... 6

*Comans v. Exec. Off. of the President*,
No. 1:25-CV-01237-MSN-WEF, 2026 WL 2100037 (E.D. Va. July 21, 2026) ... 1

*Comans v. Exec. Off. of the President*,
No. 1:25-CV-01237-MSN-WEF, 2026 WL 1132803 (E.D. Va. Apr. 15, 2026) ... 6

*Comey v. U.S. Dep't of Just.*,
No. 25-CV-7625 (JMF), 2026 WL 1142679 (S.D.N.Y. Apr. 28, 2026) ... 1, 5

*Elev8 Balt., Inc. v. Corp. for Nat'l & Cmty. Serv.*,
804 F. Supp. 3d 524 (D. Md. 2025) ... 6

*Elgin v. Dep't of Treasury*,
567 U.S. 1 (2012) ... 5

*Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*,
561 U.S. 477 (2010) ... 6

*In re Jadhav*,
795 F. App'x 846 (Fed. Cir. 2020) ... 4

*Jackler v. United States Dep't of Just.*,
Docket No. CF-0752-26-0069-I-1 (MSPB Mar. 20, 2026) ... 6

*Jackler v. MSPB*,
No. 26-1575 (Fed. Cir.) ... 1, 4

*Kennedy v. Braidwood Mgmt., Inc.*,
606 U.S. 748 (2025) ... 7

**Lucia v. SEC*,
585 U.S. 237 (2018) ... 8, 9



* Authorities principally relied upon are marked with an asterisk

*Oyer v. MSPB*,
No. 26-1346 (Fed. Cir. Apr. 21, 2026) ..................... 4

*Sidak v. United States Int'l Trade Comm'n*,
678 F. Supp. 3d 1 (D.D.C. 2023) (McFadden, J.),
*aff'd*, 174 F.4th 151 (D.C. Cir. 2026) ..................... 6

*Widakuswara v. Lake*,
832 F. Supp. 3d 55 (D.D.C. 2026) ..................... 6

**Statutes**

5 U.S.C. § 3393(d) ..................... 3

5 U.S.C. §§ 7541-7543 ..................... 3

5 U.S.C. § 7543 ..................... 3, 4

5 U.S.C. § 7701 ..................... 4

28 U.S.C. § 503 ..................... 2, 8

28 U.S.C. § 1331 ..................... 5

**Constitutional Provisions**

U.S. Const., art. II, § 2, cl. 2 ..................... 2, 8

**Regulations**

5 C.F.R. § 1201.29 ..................... 4

28 C.F.R. § 0.35 ..................... 3

28 C.F.R. § 1.6 ..................... 3

**Other Authorities**

*Appointment and Removal of Fed. Rsrv. Bank Members of the Fed. Open Mkt. Comm.*,
43 Op. O.L.C. 263 (2019) ..................... 2, 8

*Constitutionality of the Foreign Serv. Grievance Board's Oversight Auth.*,
50 Op. O.L.C. – (Aug. 20, 2026) ..................... 9

Responses to Questions for the Record from the Senate Judiciary Committee, The
Nomination of the Hon. Todd Blanche to Be Attorney General of the United States,
https://perma.cc/34N5-9JHM ..................... 3, 4



* Authorities principally relied upon are marked with an asterisk

*Suspension of a United States Marshal*,
17 Op. O.L.C. 75 (1993) .......... 8



* Authorities principally relied upon are marked with an asterisk

## INTRODUCTION

In March 2025, Plaintiff Elizabeth Oyer was delivered a Notice of Removal that purported to terminate her employment as the Pardon Attorney for the U.S. Department of Justice (DOJ). This purported firing was unlawful for several independent reasons, as identified in the six counts of the Complaint (ECF No. 1). But one of these defects—that the Notice of Removal was issued by an official who lacked the requisite constitutional authority to exercise the claimed removal power—is fatal even on DOJ's own telling. This issue thus provides a straightforward basis for promptly resolving the legality of Ms. Oyer's termination.

The Removal Notice made no pretense of adhering to the procedures prescribed in the Civil Service Reform Act (CSRA), which provides career employees like Ms. Oyer with certain procedural protections and limits the grounds on which they may be terminated. Instead, the Removal Notice purported to terminate Ms. Oyer immediately pursuant to Article II of the Constitution. Plaintiff's Statement of Undisputed Material Facts (SUMF), ¶ 2. As DOJ would subsequently elaborate, the Removal Notice was predicated on the premise that the Pardon Attorney is an "inferior officer" under the Constitution's Appointments Clause and, thus, must be "removable at will by the Attorney General under Article II." *Id.* ¶ 8. Indeed, DOJ has recently purported to fire many officials pursuant to Article II and its novel claims of expansive Article II removal authority is the subject of substantial ongoing litigation. *See, e.g.*, *Jackler v. MSPB*, No. 26-1575 (Fed. Cir.); *Comans v. Exec. Off. of the President*, No. 1:25-CV-01237-MSN-WEF, 2026 WL 2100037 (E.D. Va. July 21, 2026); *Comey v. U.S. Dep't of Just.*, No. 25-CV-7625 (JMF), 2026 WL 1142679 (S.D.N.Y. Apr. 28, 2026).

Ms. Oyer's case is distinguished, however, by the fact that the Removal Notice here flunks even DOJ's own criteria for an effective Article II removal. DOJ's Office of Legal Counsel (OLC) has long recognized that only those officials constitutionally capable of appointing a given officer

may remove such officers. *See, e.g.*, *Appointment and Removal of Fed. Rsrv. Bank Members of the Fed. Open Mkt. Comm.*, 43 Op. O.L.C. 263, 282 (2019) ("[T]he authority to remove inferior officers may not be delegated to an agency official other than the department head, or another official constitutionally competent to appoint that officer in the first place.").[1] As relevant here, inferior officers within the Department of Justice can only be appointed by, and thus can only be removed by, the Attorney General. *See* U.S. Const. art. II, § 2, cl. 2 (limiting authority to appoint inferior officers to the President, the Heads of Departments, and the Courts of Law); 28 U.S.C. § 503 (specifying that the Attorney General is DOJ's Department Head). That principle is dispositive here because the Removal Notice delivered to Ms. Oyer was issued by the *Deputy* Attorney General. SUMF ¶ 4–5. Because the Deputy Attorney General is not a Department Head constitutionally authorized to appoint inferior officers, he could not lawfully remove Ms. Oyer even under DOJ's expansive view of Article II. As DOJ put it in a recent filing, because the Attorney General has exclusive and nondelegable authority to remove inferior officers within DOJ, any attempt by a lower ranking official to effectuate such a removal is "void *ab initio*." *Id.* ¶ 9.

Because the Removal Notice issued to Ms. Oyer was a legal nullity issued by an official who lacked the requisite authority, this Court should issue declaratory and injunctive relief that confirms that Ms. Oyer was never effectively terminated. Summary judgment should accordingly be granted on Counts III and IV of the Complaint, which challenge the purported removal on that basis.[2]

[1] https://www.justice.gov/olc/file/1349721/dl.

[2] Count III asserts an equitable cause of action directly under the Constitution for violations of the Appointments Clause and Article II. Count IV asserts a parallel claim under the Administrative Procedure Act based on these same violations (and other constitutional violations not at issue in this motion). ECF No. 1 ¶¶ 58–67.

## BACKGROUND

### I. Ms. Oyer Was Terminated From Her Position As Pardon Attorney

In April 2022, Ms. Oyer was appointed as the Pardon Attorney, a career position at DOJ within the Senior Executive Service (SES). SUMF ¶ 1. The Pardon Attorney is responsible for processing applications for clemency. 28 C.F.R. §§ 0.35, 1.6. Ms. Oyer performed successfully and retained the position after completing the applicable one-year probationary period. *See* 5 U.S.C. § 3393(d).

Non-probationary SES employees are statutorily entitled to certain protections against arbitrary termination. *See generally* 5 U.S.C. §§ 7541-7543. They may be removed from federal employment "only for misconduct, neglect of duty, malfeasance, or failure to accept a directed reassignment or to accompany a position in a transfer of function." *Id.* § 7543(a). And they may be terminated only after being provided with 30 days advanced written notice of the proposed termination, an opportunity to respond, and a final written decision. *See id.* § 7543(b).

Nonetheless, in March 2025, Ms. Oyer was abruptly terminated without any pretense of compliance with these requirements. Instead, she was issued a terse "Notice of Removal from the Senior Executive Service" that purported to terminate her "from federal service, effective immediately." SUMF ¶ 2. The notice specified no cause for the removal, merely stating that the termination was "[p]ursuant to Article II of the Constitution and the laws of the United States." *Id.* The notice was signed by then-Deputy Attorney General Todd Blanche. *Id* ¶ 4–5. In subsequent proceedings before the Merit Systems Protection Board (MSPB), DOJ confirmed that Deputy Attorney General Blanche was the official responsible for Ms. Oyer's termination. *Id.* ¶ 7. Mr. Blanche also testified before Congress that he made the decision to terminate Ms. Oyer. *See, e.g.*, Responses to Questions for the Record from the Senate Judiciary Committee, The Nomination of the Hon. Todd Blanche to Be Attorney General of the United States, https://perma.cc/34N5-9JHM, at PDF 63 (statement by Mr. Blanche referring to "my decision to terminate Ms. Oyer"); *id.* at

253-54 ("When did you make the decision to fire Ms. Oyer? RESPONSE: March 7, 2025.") (Salzman Decl., Ex. 8).

## II. Ms. Oyer Challenged Her Removal Before The Merit Systems Protection Board

In April 2025, Ms. Oyer promptly appealed her purported removal to the MSPB, which provides an administrative forum for reviewing claims by terminated employees alleging that their removals violated the CSRA. SUMF ¶ 6; *see also* 5 U.S.C. §§ 7543, 7701. Before the MSPB, Ms. Oyer argued that her removal was unlawful for multiple reasons, including because DOJ's claim of sweeping Article II removal authority is self-defeating in her case because she had been removed by the Deputy Attorney General, not the Attorney General, who all agree is the only DOJ official who could even conceivably wield the claimed Article II removal authority. SUMF ¶ 10. To date, DOJ has never squarely acknowledged this issue, let alone argued otherwise.

Yet, though Ms. Oyer diligently raised this dispositive threshold issue, she has been unable to secure substantive review from the MSPB. Instead, Ms. Oyer's case has been effectively held in abeyance—over Ms. Oyer's repeated objections—since November 2025. SUMF ¶ 11. The abeyance orders have effectively stayed consideration of Ms. Oyer's challenge pending first Board, and now Federal Circuit, review of a different case involving the removal of other DOJ officials. *Id.*, *see also Jackler v. MSPB*, No. 26-1575 (Fed. Cir.).[3] While *Jackler* involves important questions regarding the scope of the Attorney General's Article II removal authority, it does not involve officials purportedly removed by only the Deputy Attorney General.[4]

---

[3] The stay of proceedings has been implemented through the issuance of a series of orders granting what MSPB terms "dismissal without prejudice" followed by automatic refiling. *See* 5 C.F.R. § 1201.29. Notwithstanding the unusual terminology, these orders "effectively stay proceedings." *In re Jadhav*, 795 F. App'x 846, 848 (Fed. Cir. 2020).

[4] Ms. Oyer appealed from the MSPB decision deferring review of her case, but the Federal Circuit dismissed the appeal for want of a final reviewable order. *See* Order, *Oyer v. MSPB*, No. 26-1346 (Fed. Cir. Apr. 21, 2026).

### III. Ms. Oyer Challenges Her Termination In This Court

In September 2026, Ms. Oyer filed this action against Mr. Blanche and DOJ. ECF No. 1. Count III of the complaint challenges Ms. Oyer's purported removal on the ground that it violated the Appointments Clause and Article II. *Id.* ¶¶ 58–64. Specifically, because Mr. Blanche had not been appointed to the position of Attorney General at the time the Removal Notice was issued, he lacked the Article II authority that the Removal Notice purports to exercise. *Id.* The Complaint also alleges that the purported removal violated the Due Process Clause (Count I), the First Amendment (Count II), was contrary to constitutional right in violation of the Administrative Procedure Act (Count IV), violated the separation of powers (Count V), and was ultra vires (Count VI). *Id.* ¶¶ 50–57, 65–72.

## ARGUMENT

### I. This Court Has Jurisdiction

Binding precedent confirms that this Court has subject matter jurisdiction over Ms. Oyer's Appointments Clause and Article II claim under 28 U.S.C. § 1331. Although the Supreme Court has held that the Civil Service Reform Act (CSRA) can divest district courts of jurisdiction over certain challenges to certain federal personnel actions by channeling review to administrative bodies like the MSPB, *see Elgin v. Dep't of Treasury*, 567 U.S. 1, 14 (2012), such channeling is inapplicable to (at least) the Appointments Clause and Article II claims raised in Counts III and IV of the complaint.[5]

[5] In fact, the Court has jurisdiction over all of Ms. Oyer's claims, for multiple reasons, including because DOJ did not purport to remove Ms. Oyer pursuant to the CSRA—the statute that provides the MSPB with jurisdiction and that impliedly divests this court of jurisdiction—but rather pursuant to its purported authority under Article II of the Constitution. As multiple courts have held, federal courts have jurisdiction over claims challenging these purported Article II removals. *See, e.g.*, *Comey v. U.S. Dep't of Just.*, No. 25-CV-7625 (JMF), 2026 WL 1142679 (S.D.N.Y. Apr. 28, 2026); *Comans v. Exec. Off. of the President*, 25-CV-1237-MSN-WEF, 2026

D.C. Circuit case law is clear that district courts have jurisdiction over constitutional challenges to the authority of an officer purporting to take a personnel action. *See Andrade v. Lauer*, 729 F.2d 1475, 1490–96 (D.C. Cir. 1984) (holding that district court had jurisdiction and that there was no administrative exhaustion requirement with respect to plaintiff's Appointments Clause claim challenging the authority of federal officials who planned and implemented a Reduction-in-Force). This is true even if an individual asserts other claims that may be channeled to an administrative scheme. *Id.* at 1490–93.

Following this authority, courts in this district (and beyond) have repeatedly held that claims challenging the removal authority of federal officials—precisely what Ms. Oyer asserts here—are not subject to CSRA channeling. *See, e.g., Widakuswara v. Lake*, 832 F. Supp. 3d 55, 62 (D.D.C. 2026) ("case law makes clear that challenges to the authority of an officer purporting to [take a personnel action] are not subject to channeling" and "claims that turn on Appointments Clause authority are similarly exempt"); *Abramowitz v. Lake*, 803 F. Supp. 3d 1, 13 (D.D.C. 2025) (finding "Congress did not intend to channel Abramowitz's removal claim through the CSRA scheme" when "the MSPB has no comparative advantage when it comes to the separation of powers issue at the heart of th[e] dispute"), *appeal filed* Sept. 3, 2025; *Elev8 Balt., Inc. v. Corp. for Nat'l & Cmty. Serv.*, 804 F. Supp. 3d 524, 552 (D. Md. 2025). And outside the federal personnel context, courts—including both the Supreme Court and this Court—have held that Appointments Clause and Article II claims are exempt from any otherwise applicable channeling requirements. *See, e.g.*, *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 180 (2023); *Free Enter. Fund v. Pub. Co. Acct.*

---

WL 1132803 (E.D. Va. Apr. 15, 2026). And the MSPB itself has determined that it lacks jurisdiction to consider challenges by inferior officers who were removed by Attorney General in a purported exercise of Article II authority. Order at 16, *Jackler v. DOJ*, Docket No. CF-0752-26-0069-I-1 (MSPB Mar. 20, 2026). But this Court need not reach these jurisdictional theories to recognize that it has jurisdiction over Counts III and IV.

*Oversight Bd.*, 561 U.S. 477, 489 (2010); *Sidak v. United States Int'l Trade Comm'n*, 678 F. Supp. 3d 1, 11 (D.D.C. 2023) (McFadden, J.), *aff'd*, 174 F.4th 151 (D.C. Cir. 2026) (rejecting defendant's argument that Appointments Clause claim was a "'premature attempt to circumvent the administrative process'").

## II. The Deputy Attorney General Lacked Constitutional Authority To Issue The Removal Notice

On the merits, the Removal Notice was invalid because it purports to exercise Article II authority that then-Deputy Attorney General Blanche was constitutionally incapable of wielding. The claimed Article II removal power is, even on DOJ's own telling, an exclusive and non-delegable prerogative of the Attorney General. Thus, while Ms. Oyer disputes that even the Attorney General would have had constitutional authority to summarily terminate her pursuant to Article II, for purposes of this motion, this Court can assume otherwise, because the termination here was unlawful even under DOJ's capacious view of Article II. DOJ's defense of Ms. Oyer's termination is self-defeating.

DOJ's argument that Ms. Oyer could be terminated outside of the statutory procedures mandated by the CSRA proceeds from the premise that "[b]y virtue of being an official in the Senior Executive Service, Appellant is removable at will by the Attorney General under Article II" because she "exercises significant executive authority" and is thus "removable at will" as an "inferior officer." SUMF ¶ 8. This reference to Ms. Oyer's alleged "inferior officer" status invokes a category of official described in the Appointments Clause. An inferior officer is an official who (unlike a run-of-the-mill employee) exercises "significant authority pursuant to the laws of the United States," but who (unlike a so-called "principal officer" like the Attorney General) has a "superior" other than the President. *Kennedy v. Braidwood Mgmt., Inc.*, 606 U.S. 748, 759-61 (2025) (quotation marks omitted). DOJ's contention is that because of the extent of Ms. Oyer's

authority, she was an inferior officer and must be removable at will under Article II without regard to statutory cause requirements or due process procedures.[6]

Notably, the Appointments Clause sharply limits the categories of officials constitutionally eligible to appoint inferior officers—Congress can confer unilateral appointment authority only on "the President," the "Courts of Law," or the "Heads of Departments." U.S. Const. art. II, § 2, cl. 2. This appointment power cannot be delegated to someone constitutionally incapable of exercising that authority, meaning that a Department Head's appointment power cannot be exercised by one of his subordinates. *See, e.g.*, *Lucia v. SEC*, 585 U.S. 237, 244 (2018) (finding Appointments Clause violated when lower ranking SEC officials, rather than the SEC itself, appointed an inferior officer). DOJ's Department Head is the Attorney General. *See* 28 U.S.C. § 503.

OLC has long recognized that the Appointments Clause not only restricts the categories of officials who may appoint inferior officers, but also correspondingly limits the universe of officials who may remove inferior officers. The "same principles of political accountability" reflected in the Appointments Clause "apply to the power of a department head to remove inferior officers" and, thus, "the authority to remove inferior officers may not be delegated to an agency official other than the department head, or another official constitutionally competent to appoint that officer in the first place." *Appointment and Removal of Fed. Rsrv. Bank Members of the Fed. Open Mkt. Comm.*, 43 Op. O.L.C. at 282; *see also Suspension of a United States Marshal*, 17 Op. O.L.C. 75, 76 (1993)[7] (explaining that the President's removal authority is not delegable). OLC reaffirmed this position as recently as August 2026. *See Constitutionality of the Foreign Serv. Grievance*

[6] Ms. Oyer disputes both that the Pardon Attorney is an inferior officer and the assertion that she would be removable at will under Article II even if she were an inferior officer.

[7] https://www.justice.gov/file/147361/dl.

*Board's Oversight Auth.*, 50 Op. O.L.C. – (Aug. 20, 2026), Slip Op. 13 (confirming that "inferior officers . . . can be removed only by the President or the Secretary").[8]

For these reasons, DOJ itself argued in a recent MSPB filing that "an inferior officer at the Department of Justice . . . may *only* be removed by the Attorney General pursuant to her authority under Article II of the Constitution" and "no other individual at the Department of Justice possesses that authority." SUMF ¶ 9 (emphasis in original). As a result, "the removal of an inferior officer of the Attorney General is, in the absence of her approval, constitutionally void *ab initio*." *Id.* Accordingly, even on DOJ's own conception of Article II, Deputy Attorney General Blanche's attempt to exercise Article II power to remove Ms. Oyer was ineffective and unlawful.

Finally, it bears mention that more than a year after Ms. Oyer's termination, Mr. Blanche was confirmed as the Attorney General. This development is immaterial. In *Lucia*, the appointment of the inferior officer at issue had been ratified by the SEC prior to the Supreme Court's review, but the Supreme Court found the Appointments Clause had been violated notwithstanding the fact that the ALJ was subsequently properly appointed to his position. *See Lucia*, 585 U.S. at 252 n.6. Similarly, here, it is dispositive that Mr. Blanche lacked the constitutional authority to issue the Removal Notice at the time of its issuance.

## CONCLUSION

For these reasons, the Court should grant summary judgment on Counts III and IV and declare that the Removal Notice was void and failed to legally effect Ms. Oyer's removal. The Court should further order Ms. Oyer's reinstatement retroactive to March 7, 2025, and order Defendants to provide Ms. Oyer with the pay and benefits to which is entitled based on her uninterrupted service.

---

[8] https://www.justice.gov/olc/media/1458836/dl.

Oct. 1, 2026

Respectfully submitted,

*/s/ Joshua M. Salzman*
Joshua M. Salzman (D.C. Bar No. 982239)
Webb Lyons* (D.C. Bar No. 1035458)
Elena Goldstein (D.C. Bar No. 90034087)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 796-4426
jsalzman@democracyforward.org
wlyons@c.democracyforward.org*
egoldstein@democracyforward.org
**Of Counsel*

*Counsel for Plaintiff*