UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELIZABETH OYER, PLAINTIFF,
AND
JACOB VALINE, INTERVENOR-PLAINTIFF,
v.
TODD W. BLANCHE, ET AL.,
DEFENDANTS.

Civil Action No. 1:26-cv-03092-TNM

COMPLAINT-IN-INTERVENTION

Intervenor-Plaintiff Jacob Valine, appearing pro se, files this Complaint-in-Intervention against the Defendants and alleges as follows:

I. COMPLAINT AND JURISDICTION
1. This Complaint-in-Intervention is filed pursuant to Fed. R. Civ. P. 24 to safeguard vital administrative civil rights protections under the APA and the Rehabilitation Act of 1973.
2. This Court possesses subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 5 U.S.C. §§ 702–706.

II. PARTIES
3. Intervenor-Plaintiff Jacob Valine is a 21-year-old citizen residing in Colorado, who is a self-advocate with a learning disability.
4. Defendants are Attorney General Todd W. Blanche, in his official capacity, and the U.S. Department of Justice, tasked with executing and implementing federal administrative rules.

III. CLAIMS AND FACTUAL ALLEGATIONS
5. Plaintiff Elizabeth Oyer challenges the administrative actions and decisions of the Defendants under the core provisions of the Administrative Procedure Act, 5 U.S.C. § 706.
6. Intervenor-Plaintiff realleges and incorporates all factual statements and legal counts raised in the Plaintiff's Complaint concerning agency overreach.
7. Intervenor-Plaintiff further alleges that the arbitrary execution of agency policies runs afoul of Section 504 of the Rehabilitation Act by failing to account for the unique, severe procedural hurdles imposed on neurodivergent individuals who depend on predictable federal program delivery.
8. When federal agencies exceed statutory authority or alter enforcement records, they dismantle the stable legal frameworks required to shield disabled citizens from arbitrary exclusion and systemic due process violations.

PRAYER FOR RELIEF
WHEREFORE, Intervenor-Plaintiff respectfully requests that this Court:

a. Grant judgment declaring that the Defendants' administrative rules exceed statutory authority under 5 U.S.C. § 706;
b. Set aside and vacate the unlawful administrative decisions; and
c. Grant such other systemic and equitable relief as the Court deems just.

Dated: October 19, 2026
Respectfully submitted,

______________________________

Jacob Valine, Pro Se Intervenor-Plaintiff