UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH OYER,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Attorney General of the United States, et al.,<br><br>Defendants. | Civil Action No. 26-3092 (TNM) |

**DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE**

Defendants Todd Blanche, in his official capacity as Attorney General of the United States, and the Department of Justice (collectively, the "Department"), respectfully submit this opposition to proposed intervenor Jacob Valine's Motion to Intervene ("Mot. to Intervene," Dkt. 12).

**BACKGROUND**

This case arises from Elizabeth Oyer's challenge to her March 2025 removal from the position of United States Pardon Attorney. Compl. (Dkt. 1) ¶ 35; *id.* ¶¶ 50-72. The Department's deadline to respond to the Complaint is November 3, 2026.

On October 19, 2026, Valine moved to intervene pursuant to Rule 24(a)(2) as of right, or alternatively, pursuant to Rule 24(b). Valine asserts he is a "self-advocate member of The Arc of the United States with a learning disability" and alleges having "a substantial, legally protectable interest in the resolution of this action." Mot. to Intervene (Dkt. 12) at 1. His proposed complaint "realleges and incorporates all factual statements and legal counts" in Oyer's Complaint. Mot. to Intervene Ex. 1, Proposed Compl. (Dkt. 12-1) ¶, and alleges that "the arbitrary execution of agency policies runs afoul of Section 504 of the Rehabilitation Act by failing to account for the unique, severe procedural hurdles imposed on neurodivergent individuals who depend on predictable

federal program delivery," *id.* ¶ 7. Valine asks this Court to declare the Department's "administrative rules exceed statutory authority under 5 U.S.C. § 706," vacate "the unlawful administrative decisions," and order "other systemic and equitable relief as the Court deems just." *Id.* at 2 (Prayer for Relief).

## ARGUMENT

### I. Valine Has Not Established He Is Entitled to Intervene as of Right.

To intervene as of right under Rule 24(a)(2), Valine must satisfy four requirements: (1) his application must be timely; (2) he must have a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no existing party can adequately represent his interests. Fed. R. Civ. P. 24(a)(2); *see also SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998). A putative intervenor must satisfy all four factors. *See*, *e.g.*, *Jones v. Prince George's Cnty.*, 348 F.3d 1014, 1017 (D.C. Cir. 2003).

Valine has not established a legally protected interest of his own supporting intervention as of right. *Prudential Sec.*, 136 F.3d at 156. "Courts in this circuit generally treat the standing analysis for intervention as of right as equivalent to determining whether the intervenor has a 'legally protected' interest under Rule 24(a)." *100Reporters LLC v. Dep't of Just.*, 307 F.R.D. 269, 276 (D.D.C. 2014). As a result, Valine must identify a cognizable injury that is fairly traceable to the challenged conduct, and redressable by a favorable decision from this Court.[1]

[1] Under D.C. Circuit law requires "an intervenor to demonstrate Article III standing even if pursuing the same relief as an existing party." *Institutional S'holder Servs., Inc. v. SEC*, 142 F.4th 757, 764 n.3 (D.C. Cir. 2025). That requirement is in tension with *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 674 n.6 (2020). *Institutional S'holder Servs.*, 142 F.4th at 764 n.3 (describing tension in the law, but declining to resolve the issue). The Court need not address that issue because Valine here appears to press a claim under Section 504 of the Rehabilitation Act, which is "relief broader than or different from that sought by existing parties" and therefore he must establish independent "constitutional standing." *Id.*

Valine has failed to do so here. He states, without explanation, that he has "a direct interest in the administrative standards and safety-net protections governing individuals with learning disabilities." Mot. to Intervene (Dkt. 12) at 1. Such "nondescript and conclusory allegations of injury are not the type of general factual allegations from which the Court may presume the specific facts necessary to ensure that the plaintiff has standing, and are insufficient to meet the plaintiff's burden of alleging an injury in fact that is concrete and particularized." *Brown v. FBI*, 793 F. Supp. 2d 368, 374 (D.D.C. 2011) (citation modified). Nor does he explain how a favorable order would "would likely be redressed by the order *requested*." *Coalition for Humane Rights v. Mullin* 185 F.4th 1275, 1281 (D.C. Cir. 2026) (emphasis in original).

Nor does Valine explain why Oyer is unable to adequately protect any interest Valine has in this litigation. "[A] presumption of adequate representation exists if both the intervenor and existing party have the same ultimate objective." *HRH Servs. LLC v. Travelers Indem. Co.*, Civ. A. No. 23-2300 (JDB), 2024 WL 4699925, at *9 (D.D.C. 2024) (citation modified). The movant "bears the burden to rebut this presumption by demonstrating special circumstances that make the representation inadequate, such as adversity of interest, collusion, or nonfeasance." *Id.*, at *9 (citation modified). Valine states that resolution of this case in his absence will ", impair or impede his ability to protect his statutory civil rights interests and procedural due process across parallel venues." Mot. to Intervene (Dkt. 12) at 1. But he does not identify what other case he may be pursuing in what venue, what the claims may be, or how any resolution of this case in any way would affect that purported case.

For all these reasons, Valine has not established entitlement to intervene in this case.

## II. <u>Valine Has Not Established Permissive Intervention is Warranted.</u>

Permissible intervention under Rule 24(b) is an "inherently discretionary enterprise." *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). Even where a putative

intervenor "has a claim or defense that shares with the main action a common question of law or fact" that might justify intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (3). The "court can deny a motion for permissive intervention—even if there is a common question of law of fact—if intervention would cause undue delay, complexity, or confusion in a case." *Biden v. IRS*, 752 F. Supp. 3d 97, 117 (D.D.C. 2024).

As an initial matter, Valine's perfunctory motion does not elaborate on the basis for his permissive intervention request. Mot. to Intervene (Dkt. 12) at 2. "This Court need not . . . address undeveloped arguments[.]" *Robinson v. Farley*, 264 F. Supp. 3d 154, 162 (D.D.C. 2017). "It is plaintiff's task to spell out his arguments squarely and distinctly." *Raines v. Dep't of Just.*, 424 F. Supp. 2d 60, 66 n.3 (D.D.C. 2006) (citation modified). "[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived." *Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013).

Even if properly raised, Valine's permissive intervention request fails because he does not sufficiently identify any "claim or defense" of his own to support permissive intervention. Fed. R. Civ. P. 24(b)(1)(B). "Even assuming that [Valine's claim] shares a question of law or fact with the present action," *see* Mot. to Intervene Ex. 1, Proposed Compl. (Dkt. 12-1) ¶ 6 (incorporating Oyer's allegations), "permitting [Valine] to intervene in this matter would risk confusion of the issues and prejudice the current parties to the case," *Biden*, 752 F. Supp. 3d at 117. Here, Valine's two-page proposed complaint only states that for Department "arbitrary execution of agency policies runs afoul of Section 504 of the Rehabilitation Act[.]" Mot. to Intervene, Ex. 1, Proposed Compl. (Dkt. 12-1) ¶ 7. It does not elaborate on the nature of the challenged policy, how Oyer's

termination from the position of the U.S. Pardon Attorney violates that (or other) policy, or how Valine was actually harmed by Oyer's termination of employment.

Because proposed intervenors' participation would not "significantly contribute to the just and equitable adjudication of the legal question presented," permissive intervention should be denied. *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 18 (D.D.C. 2010) (citation modified).

## CONCLUSION

For these reasons, the Department respectfully requests that the Court deny the motion to intervene (Dkt. 12).

Dated: November 2, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Dimitar P. Georgiev*

DIMITAR P. GEORGIEV, D.C. Bar #1735756
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252 –2500 (main)

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELIZABETH OYER,

Plaintiff,

v.

TODD BLANCHE, in his official capacity as Attorney General of the United States, et al.,

Defendants.

Civil Action No. 26-3092 (TNM)

**[PROPOSED] ORDER**

UPON CONSIDERATION of Plaintiff-Intervenor Jacob Valine's Motion to Intervene, Defendants' opposition, and the entire record herein, it is hereby

ORDERED that Plaintiff-Intervenor's motion is DENIED.

SO ORDERED:

__________________
Date

______________________________________
TREVOR N. MCFADDEN
United States District Judge