UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELIZABETH OYER**,<br>Plaintiff,<br>v.<br>**TODD BLANCHE** and **UNITED STATES DEPARTMENT OF JUSTICE**,<br>Defendant. | Case No. 1:26-cv-03092 (TNM) |

**MEMORANDUM ORDER**

Elizabeth Oyer was recently removed as Pardon Attorney by then-Deputy Attorney General Todd Blanche. *See* Compl. ¶¶ 2–3, ECF No. 1. She sued him and the U.S. Department of Justice (collectively, "the Department"), bringing constitutional and APA claims. *See id.* ¶¶ 50–72. Jacob Valine took notice of Oyer's complaint and wanted to add his two cents. So he moved to intervene as a plaintiff. *See* Mot. to Intervene at 1, ECF No. 12. Both Oyer and the Department oppose his motion. *See* ECF Nos. 13, 14. His motion fails for at least three reasons, so the Court will deny it.

Jacob Valine is a "self-advocate" for disability rights and has a learning disability himself. Mot. to Intervene at 1. He wants to intervene because Oyer's suit involves Section 706 of the Administrative Procedure Act and "guidelines implemented by the Department of Justice," and Valine relies on those standards in his own cases. *Id.* And he says that the Department's action "runs afoul of Section 504 of the Rehabilitation Act by failing to account for the unique, severe procedural hurdles imposed on neurodivergent individuals who depend on predictable

federal program delivery." Intervenor Compl. ¶ 7, ECF No. 12-1. Oyer does not bring a claim under that Act. *See generally* Compl.

*First*, Valine fails to plausibly allege that he has Article III standing. Because he asks for "relief that is different from that which is sought by a party with standing," he must establish his own standing. *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 440 (2017). This means that he must demonstrate "an invasion of a legally protected interest which is concrete and particularized, and actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up).

He has not done so. Valine says that he has a learning disability, and that the "arbitrary execution of agency policies" disregards the Rehabilitation Act's protections for neurodivergent individuals. Intervenor Compl. ¶¶ 3, 7. But he does not show how these actions injure him in "in a personal and individual way" as opposed to neurodivergent individuals in general. *Lujan*, 504 U.S. at 560 n.1. At most, he suggests that the Department's actions fail to "shield disabled citizens from arbitrary exclusion and systemic due process violations." Intervenor Compl. ¶ 8. Yet he does not say whether he is one of the affected citizens, what due process right may be violated, or what he is being excluded from. It is "pure speculation and fantasy" that all neurodivergent individuals are concretely and particularly harmed by Blanche's actions in this case. *Dunn v. Austin*, 2026 WL 865836, at *4 (D.D.C. Mar. 30, 2026) (quoting *Lujan*, 504 U.S. at 567).

*Second*, Valine cannot meet the four-factor test for intervention of right. *See* Fed. R. Civ. P. 24(a). The D.C. Circuit has outlined "four distinct requirements that intervenors must demonstrate" to justify intervention of right: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must

threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Deutsche Bank Nat. Tr. Co. v. FDIC*, 717 F.3d 189, 192 (D.C. Cir. 2013) (cleaned up). He fails at least two of them.

The second prong—legally protected interest in the action—dovetails with the standing analysis above. *See 100Reporters LLC v. Dep't of Just.*, 307 F.R.D. 269, 276 (D.D.C. 2014). Valine fully incorporates all of Oyer's legal and factual allegations and says that his legally protectable interest is in "the consistent, nondiscriminatory enforcement of federal administrative protections and statutory integrity." Mot. to Intervene at 1. But there is no such thing as a legally protected interest in law *qua* law. *Cf. Duke Power Co. v. Carolina Env't Study Grp., Inc.*, 438 U.S. 59, 88 n.32 (1978) ("Our cases have clearly established that '[a] person has no property, no vested interest, in any rule of the common law.'") (quoting *Second Employers' Liability Cases*, 223 U.S. 1, 50 (1912)). And Valine does not say what other cases he might be pursuing that could give him a "concrete and cognizable interest in this litigation." *Jones v. Prince George's Cnty.*, 348 F.3d 1014, 1018 (D.C. Cir. 2003). Valine has a spectator's interest, but that does not give him the right to jump into the ring.

For the same reason, Valine does not show that this action threatens to impair his "ability to protect his statutory civil rights interests and procedural due process." Mot. to Intervene at 1. For this third prong, "courts look to the practical consequences of denying intervention." *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 13 (D.D.C. 2010) (cleaned up). The Court has no way of knowing how resolving this case could affect Valine, as Oyer does not bring any claims based on civil rights statutes, and Valine does not claim an interest in the Civil Service Reform Act. Nor does he clue us in on how the Rehabilitation Act could be implicated, or what relevance neurological issues have to Oyer's wrongful termination claim. So Valine has not

shown that an adverse decision here may affect him. Thus, Valine' Rule 24(a) claim fails on factors two and three.

*Third*, Valine tries to intervene under Rule 24(b), permissive intervention. *See* Mot. to Intervene at 2. He says that "the boundary of executive agency action under 5 U.S.C. § 706(2)" is a core common question of law. *Id.*; Fed. R. Civ. P. 24(b)(2)(B). Valine must show "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *EEOC v. Nat'l Child.'s Ctr., Inc.,* 146 F.3d 1042, 1046 (D.C. Cir. 1998). His motion is timely, but as stated, he cannot show subject matter jurisdiction. Nor does he point to "a claim or defense" of his own. *See* Mot. to Intervene at 2. He raises the prospect of a claim under the Rehabilitation Act, but does not spell it out. *See* Intervenor Compl. ¶ 7.

Finally, Valine's claims threaten to confuse the issues in the case. So even if he could show one common question of law, injecting Valine would "unduly delay or prejudice the adjudication of the original parties' rights" by postponing adjudication and adding unnecessary complexity. Fed. R. Civ. P. 24(b)(3); *Biden v. IRS*, 752 F. Supp. 3d 97, 117–18 (D.D.C. 2024). Neurological issues are far afield from Plaintiff's employment dispute.

For the foregoing reasons, upon consideration of the [12] Motion to Intervene and Complaint, the [13] and [14] Memoranda in Opposition, and the relevant law, it is hereby **ORDERED** that the [12] Motion to Intervene is DENIED.

**SO ORDERED**.

2026.11.18
16:58:11 -05'00'

Dated: November 18, 2026

TREVOR N. McFADDEN
United States District Judge